# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLAUDIO R. CASTANEDA,

    Petitioner,

v.                                                             No. 21-cv-474 WJ/KRS

DWAYNE SANTISTEVAN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Claudio Castaneda's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2). Petitioner challenges his 2006 state convictions based on ineffective assistance of counsel and excessive sentencing. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this matter should not be dismissed as untimely.

## I. Procedural Background[1]

In 2006, a jury convicted Petitioner of seven counts related to aggravated battery and shooting from a motor vehicle. (Doc. 1 at 17-18). The state court sentenced him to thirty-four years imprisonment, nine of which are suspended, followed by a term of parole. *Id.* at 20-21.

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case No. D-307-CR-2005-00750; S-1-SC-30914; and S-1-SC-38475. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

Judgment was entered January 9, 2007. *Id.* at 17. Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed. *Id.* at 25. The New Mexico Supreme Court (NMSC) denied certiorari relief on February 28, 2008. *See* Order Denying Cert. Pet. in Case No. S-1-SC-30914. The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC). His conviction therefore became final, at the latest, on May 29, 2008, *i.e.,* the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

Petitioner filed a state habeas petition the following year, on April 23, 2009. *See* Habeas Corpus Petition in Case No. D-307-CR-2005-750. The state court summarily denied the petition on the same day. *See* Order of Dismissal entered April 23, 2009 in Case No. D-307-CR-2005-750. Petitioner did not appeal that ruling. *See* Docket Sheet in Case No. D-307-CR-2005-750. There was no additional case activity for over ten years. *Id*. On June 22, 2020, Petitioner filed a second state habeas petition. (Doc. 1 at 3). The state court denied the petition on August 10, 2020. *Id*. Petitioner sought state certiorari review, but the NMSC denied the petition on September 16, 2020. *See* Order Denying Petition in Case No. S-1-SC-38475.

Petitioner filed the federal § 2254 Petition on May 21, 2020. He contends trial counsel was ineffective and that his state sentence is illegal. (Doc. 1 at 5, 7-8). He also seeks leave to proceed *in forma pauperis*. Petitioner's financial statement reflects he has $4.20 in his prison account and cannot afford to prepay the $5.00 filing fee. The Court will therefore grant the Motion

to Proceed *In Forma Pauperis* (Doc. 2) and conduct an initial review of the Petition pursuant to Habeas Corpus Rule 4.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than May 29, 2008, after Petitioner declined to seek federal certiorari review and the direct appeal period expired. *See Rhine*, 182 F.3d at 1155. Three hundred and twenty-nine (329) days passed before Petitioner filed his first state habeas petition on April 23, 2009, which stopped the clock pursuant to § 2244(d)(2). That

3

proceeding remained pending until May 25, 2009, at the latest, when the 30-day appeal period expired in connection with the state trial order denying habeas relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (state habeas proceeding remains pending, for tolling purposes, "through the state statutory time to appeal"); NMRA, Rule 12-501 (a writ of certiorari must be filed within 30 days after the state district court's denial of a habeas petition); NMRA, Rule 1-006(A)(1)(c) (explaining that when a 30-day appeal period falls on a Saturday, the period expires at the end of the next business day). "The next day [May 26, 2009] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [36 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects there was no additional tolling activity during the next 36 days, and the one-year limitation period expired no later than July 1, 2009.

The Petition briefly addresses timeliness. (Doc. 1 at 13-14). Petitioner explains he met a jailhouse lawyer in 2019, who advised illegal-sentence claims may be raised at any time. (Doc. 1 at 13-14). Petitioner also cites New Mexico authority regarding habeas relief and habitual offender enhancements. *Id.* There is no authority excepting illegal-sentence claims from 28 U.S.C. § 2244, and the state habeas rules do not govern this proceeding. Petitioner may also believe the one-year period is tied to the conclusion of his most recent certiorari appeal with the NMSC. However, any state habeas proceedings or other tolling motions filed after 2009 cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (329) from the one-year period (*i.e.,* 365 days in a year - 329 days = 36 remaining days).

year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period").[3]

For these reasons, Petitioner must show cause in writing within thirty (30) days of entry of the Order why the Petition is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[3] *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009) created one exception to this rule. *Jimenez* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. at 120-21. The exception is inapplicable here because Petitioner never obtained state habeas relief, and his direct appeal period was never reopened.