IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CLAUDIO R. CASTANEDA,

    Petitioner,

v.                                                                                                  No. 21-cv-474 WJ-KRS

DWAYNE SANTISTEVAN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Claudio Castaneda's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) (Petition). Castaneda challenges his 2006 state convictions based on ineffective assistance of counsel and illegal sentencing. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed as untimely. Because Castaneda has not established grounds for tolling, and the Court will dismiss the Petition.

### BACKGROUND

The background facts are taken from the Petition (Doc. 1) and the state court docket in Castaneda's criminal cases, Case Nos. D-307-CR-2005-00750, S-1-SC-30914, and S-1-SC-38475. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2006, a jury convicted Castaneda of seven counts related to aggravated battery and

shooting from a motor vehicle.  *See* Doc. 1 at 17-18.  The state court sentenced him to thirty-four years imprisonment, nine of which are suspended, followed by two-year term of parole.  *Id.* at 20-21.  Judgment was entered January 9, 2007.  *Id.* at 17.  Castaneda filed a direct appeal, and the New Mexico Court of Appeals affirmed.  *Id.* at 25.  The New Mexico Supreme Court (NMSC) denied certiorari relief on February 28, 2008.  *See* Order Denying Cert. Pet. in Case No. S-1-SC-30914.  The state dockets reflect Castaneda did not seek further review with the United States Supreme Court (USSC).  His convictions therefore became final on May 29, 2008, *i.e.,* the first business day after expiration of the 90-day federal certiorari period.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

Castaneda filed a state habeas petition the following year, on April 23, 2009.  *See* Habeas Corpus Petition in Case No. D-307-CR-2005-750.  The state court summarily denied the petition on the same day.  *See* Order of Dismissal entered April 23, 2009 in Case No. D-307-CR-2005-750.  Castaneda did not appeal that ruling.  *See* Docket Sheet in Case No. D-307-CR-2005-750.  There was no additional case activity for over ten years.  *Id*.  On June 22, 2020, Castaneda filed a second state habeas petition.  *See* Doc. 1 at 3.  The state court denied the petition on August 10, 2020.  *Id*.  Castaneda sought state certiorari review, but the NMSC denied the petition on September 16, 2020.  *See* Order Denying Petition in Case No. S-1-SC-38475.

Castaneda filed the federal § 2254 Petition on May 21, 2021.  He contends trial counsel was ineffective and that his state sentence is illegal.  *See* Doc. 1 at 5, 7-8.  By an Opinion entered June 21, 2021, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred.  *See* Doc. 3 (Screening Ruling); *see also Day v. McDonough,* 547 U.S. 198,

209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). Castaneda was directed to show cause why the case should not be dismissed.

Castaneda filed a show-cause response on July 28, 2021. *See* Doc. 4. He raises general allegations about prison delays and states he could supply records but would need more time. By an Order entered August 9, 2021, the Court permitted Castaneda to supplement his show cause response within thirty days. *See* Doc. 5. The Order explained that Castaneda does not need to provide records to survive screening, but he must allege specific facts about his attempts to pursue habeas relief and any lack of access. The Order also warned that if Castaneda declines to timely supplement his show-cause response, the initial show-cause response filed July 28, 2021 (Doc. 4) would control. Castaneda failed to file a supplement, so the Court will use the initial response (Doc. 4) to evaluate the statute of limitations.

**DISCUSSION**

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, §

2244(d)(1)(D).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

As noted above, the one-year period started running on May 29, 2008, after Castaneda declined to seek federal certiorari review and the direct appeal period expired. *See Rhine*, 182 F.3d at 1155. Three hundred and twenty-nine (329) days passed before he filed his first state habeas petition on April 23, 2009, which stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending until May 25, 2009, at the latest, when the 30-day appeal period expired in connection with the state trial order denying habeas relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (state habeas proceeding remains pending, for tolling purposes, "through the state statutory time to appeal"); NMRA, Rule 12-501 (a writ of certiorari must be filed within 30 days after the state district court's denial of a habeas petition); NMRA, Rule 1-006(A)(1)(c) (when a 30-day appeal period falls on a Saturday, the period expires on the following Monday).

"The next day [May 26, 2009] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [36 days][1] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects there was no additional tolling activity during the next 36 days, and the one-year limitation period expired no later than July 1, 2009. Any state habeas proceedings or other tolling motions filed after 2009 cannot restart the clock or otherwise impact the expired limitations period. *See*

---

[1] The Court arrived at this figure by subtracting the number of days that initially elapsed (329) from the one-year period (*i.e.,* 365 days in a year - 329 days = 36 remaining days).

*Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same).[2]

The Court explained the above principles in its Screening Ruling, which set out the state court timeline along with the legal standards for statutory and equitable tolling. *See* Doc. 3. Additional guidance on the equitable tolling standard was provided in the Order Permitting Supplemental Response. *See* Doc. 5. Castaneda does not dispute the timeline, and he did not file a supplemental response. Construed liberally, the original response seeks equitable tolling, statutory tolling under 28 U.S.C. § 2244(d)(1)(D), and relief based on the merits of his claims. The Court will discuss each below.

**1. Equitable Tolling**

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

The show-cause response does not satisfy this standard. Castaneda argues he

---

[2] *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009) created one exception to this rule. *Jimenez* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. at 120-21. The exception is inapplicable here because Castaneda never obtained state habeas relief, and his direct appeal period was never reopened.

5

misunderstood the law and believed an illegal sentence claim could be brought at any time. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse" an untimely filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000). Castaneda also seeks equitable tolling "due to him being transferred from one prison to another and then his property and legal work being lost," requiring him to retrieve paperwork "from the court clerks." Doc. 4 at 3. This allegation is too conclusory to show he diligently pursued his claims. Moreover, the individual hardships Castaneda describes are not extraordinary for state prison. The Tenth Circuit holds that "any invocation of equity to relieve the strict application of [the habeas] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *See Trimble v. Hansen*, 764 Fed. App'x 721, 724 (10th Cir.), *cert. denied*, 140 S. Ct. 283 (2019). Castaneda further alleges he recently had COVID-19 and was placed in segregation during the last year. This circumstance, while unfortunate, has no impact on whether he could have filed a habeas claim before the one-year period expired in 2009.

Castaneda finally alleges his lawyer should have known his sentence is illegal. To the extent he seeks equitable tolling based on ineffective assistance of counsel, no relief is available. Equitable tolling is only available where an attorney's actions are "[p]articularly egregious, … such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007)). *See also Montoya v. Milyard,* 342 F. App'x 430, 432 (10th Cir. 2009) (tolling is available where an attorney "affirmatively misled his client"). There is no indication counsel misled Castaneda about a habeas filing, even if counsel failed to object to illegal enhancements at

sentencing. Accordingly, Castaneda is not entitled to equitable tolling.

## 2. Statutory Tolling

Next, Castaneda argues he did not discover his sentence was illegal until 2019. The Court construes this as a request for statutory tolling under § 2244(d)(1)(D). Under that section, the one-year habeas limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The claims here pertain to the Judgment and Sentence imposed in 2007. Castaneda alleges that it was illegal to impose multiple sentence enhancements based on the same occurrence and that counsel was ineffective for failing to raise that issue. Although Castaneda may have met with a "jailhouse lawyer" for the first time in 2019, *see* Doc. 1 at 13, he does not explain why he failed to investigate the legality of his sentence in 2008 or 2009. Castaneda's conclusory allegation that his habeas claims are based on "new evidence" also fails to show a timely, diligent investigation of the facts.[3] Statutory tolling is therefore not available.

## 3. Merits Arguments

The remainder of the show-cause response focuses on Castaneda's illegal sentence theory. He appears to contend his 2007 sentence is illegal pursuant to New Mexico law, *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002). Castaneda also takes issue with the Screening Ruling's statement

---

[3] To the extent Castaneda's passing reference to "new evidence" was intended to raise an actual-innocence gateway claim, this claim fails. To establish a gateway claim, the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Castaneda does not appear to deny shooting out of a car; he instead contends he received too many sentence enhancements based on the same occurrence.

that there is no authority excepting illegal-sentence claims from 28 U.S.C. § 2244, and the state habeas rules do not govern federal habeas proceedings.

The challenged statement is correct. *Blakely, Apprendi*, and *Ring* have no impact on the statute of limitations, nor can it be extended based on a New Mexico rule. Castaneda cites that authority to support the merits of his habeas claims. As previously explained, Federal Courts do not consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).... The first of these barriers is timeliness."). Said differently, even if Castaneda's sentence is illegal, and even if he is entitled to habeas relief under New Mexico law or *Apprendi,* etc., this Court will not grant relief because he did not file his Petition within the one-year statute of limitations.

In sum, Castaneda's show-cause response (Doc. 4) does not establish grounds for tolling. The one-year limitation period expired in 2009, and the 2021 federal habeas proceeding is time-barred. The Court will dismiss the Petition (Doc. 1) with prejudice and deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Claudio Castaneda's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a

separate judgment will be entered closing the civil case.

**SO ORDERED.**

                                                     _____
                                                     WILLIAM P. JOHNSON
                                                     CHIEF UNITED STATES DISTRICT JUDGE